Filed: 1/11/2019 4:30 PM
Kosciusko Superior Court 1
Kosciusko County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE KOSCIUSKO SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF KOSCIUSKO | ) | CAUSE NO. 43D01-1812-PL-000111 |

JULIE ROBINSON, )
)
    Plaintiff, )
)
vs. )
)
WAWASEE COMMUNITY SCHOOL )
CORPORATION, )
)
    Defendant. )

### DEFENDANT, WAWASEE COMMUNITY SCHOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant, the Board of School Trustees of the Wawasee Community School Corporation, (incorrectly named as Wawasee Community School Corporation), by and through its attorney, Lyle R. Hardman, files its Answer to Plaintiff's Complaint for Damages and state and alleges as follows:

1.     Objection. No allegations are set forth against this defendant; therefore, no answer is necessary.

2.     The defendant admits that Julie Robinson is a resident of North Webster, Indiana, but denies she was an employee of Wawasee Community School Corporation.

3.     The defendant admits that it is a public school corporation with an address of 1 Warrior Path, Syracuse, Indiana. It denies it was the employer of Julie Robinson.

4.     Defendant is without knowledge regarding the truth or falsity of the allegations set forth in paragraph four (4) of Plaintiff's Complaint so as to neither admit nor deny the same at this time.

5.     Defendant admits the allegations set forth in paragraph five (5) of Plaintiff's

Complaint.

6. Defendant is without knowledge regarding the truth or falsity of the allegations set forth in paragraph six (6) of Plaintiff's Complaint so as to neither admit nor deny the same at this time.

7. The defendant admits that it is an employer pursuant to Title VII, but denies the remainder of the allegations set forth in paragraph seven (7) of Plaintiff's Complaint.

8.
   a. The defendant admits that plaintiff is female and currently the head Varsity Swimming Coach for Wawasee High School; but denies the remainder of the allegations set forth in paragraph 8a of Plaintiff's Complaint.
   b. Defendant denies the allegations set forth in paragraph 8b of Plaintiff's Complaint.
   c. Objection. Rhetorical paragraph 8c is argumentative as framed; therefore, no answer is necessary. Without waiving said objection, the letter is self-explanatory.
   d. Defendant admits the allegations set forth in paragraph 8d of Plaintiff's Complaint.
   e. Defendant is without knowledge regarding the truth or falsity of the allegations set forth in paragraph 8e of Plaintiff's Complaint so as to neither admit nor deny the same at this time.
   f. Defendant denies the allegations set forth in paragraph 8f of Plaintiff's Complaint.
   g. Defendant denies the allegations set forth in paragraph 8g of Plaintiff's Complaint
   h. Objection. Rhetorical paragraph 8h is unintelligible as framed; accordingly, no answer is necessary.
   i. Defendant denies the allegations set forth in paragraph 8i of Plaintiff's Complaint.

j. Objection. Any memo (which has not been attached to the complaint) is self-explanatory. Accordingly, the defendant objects to plaintiff's characterization of the same. Without waiving said objection, defendant denies the allegations set forth in paragraph 8j of Plaintiff's Complaint.

k. Objection. Any memo (which has not been attached to the complaint) is self-explanatory. Accordingly, the defendant objects to plaintiff's characterization of the same. Without waiving said objection, defendant denies the allegations set forth in paragraph 8k of Plaintiff's Complaint.

l. Objection. Rhetorical paragraph 8l is unintelligible as framed. Therefore, no answer is necessary. Without waiving said objection, defendant denies the allegations set forth in paragraph 8l of Plaintiff's Complaint.

m. Objection. Rhetorical paragraph 8m is argumentative as framed; therefore, no answer is necessary.

n. Defendant denies the allegations set forth in paragraph 8n of Plaintiff's Complaint.

o. Objection. Rhetorical paragraph 8o is unintelligible as framed; accordingly, no answer is necessary.

p. Objection. Rhetorical paragraph 8p is argumentative as framed; therefore, no answer is necessary.

9. Defendant denies the allegations set forth in paragraph nine (9) of Plaintiff's Complaint.

**WHEREFORE**, Defendant, by counsel, requests that this Court enter a judgment in its favor and against the Plaintiff, that Plaintiff take nothing by way of her Complaint, for costs of this action,

and for all other just and proper relief in the premises.

## AFFIRMATIVE DEFENSES

Defendant, by counsel, attests the following Affirmative Defenses in response to Plaintiff's Complaint for Damages:

1. Any allegations not specifically admitted, denied or controverted in Defendant's answer above are hereby specifically DENIED.

2. The Plaintiff has failed to state a claim upon which relief may be granted

3. The Plaintiff's claims may be barred by the applicable statute of limitations.

4. Any and all injuries and damages sustained by Plaintiff proximately resulted from comparative fault chargeable to Plaintiff and such damages must be proportionately diminished.

5. Plaintiff is barred from recovery herein, since the comparative fault of Plaintiff is greater than the fault of all persons show fault proximately contributed to Plaintiff's damages.

6. If Plaintiff was injured as alleged in her Complaint, said injuries were caused by the failure of the Plaintiff to exercise reasonable care for her own safety and that such failure was the sole and proximate cause of said alleged injuries.

7. Plaintiff's conduct in any and all dealings was the proximate cause of any damage the Plaintiff allegedly received.

8. The Plaintiff's alleged damages, if any, were not proximately caused by any act or omission attributable to this defendant under any theory of liability.

9. The percentage of Plaintiff's fault was greater than the combined fault of the defendants.

10. The Plaintiff is guilty of contributory negligence.

11. If any co-defendant becomes a non-party to this action as a result of a Motion for Summary Judgment, settlement, or other means, this defendant specifically names the said co-defendant as a non-party responsible in whole or in part for the injuries and damages that are the subject of the Complaint; and said non-parties' percentage of fault must be taken into consideration in the allocation of fault for the incident that forms the basis of the Complaint.

12. The Plaintiff is barred by operation of law from recovering punitive damages against Defendant for claims asserted under 42 U.S.C. § 1983. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).

13. The Plaintiff is barred by operation of law from recovering punitive damages against the Defendant on any alleged state law claims. (Ind. Code § 34-13-3-4).

14. Any alleged state law tort claims relating to acts or omissions that occurred more than 180 days before delivery of a tort claim notice are barred, as a matter of law, by the ITCA.

15. Any alleged state law claims are subject to the aggregate limits on damages recoverable under the Indiana Tort Claims Act. Ind. Code § 34-13-3-4(a)(1)(c).

16. Any alleged state law claims are subject to the common law, constitutional and statutory privileges and immunities of Indiana law and the Indiana Tort Claims Act, I.C. 34-13-3-1, et. seq., including but not limited to, I.C. § 34-13-3-3 (7), (8) and (10).

17. Plaintiff's claims are barred to the extent that he has waived claims by actions or inactions.

18. The Defendant is immune from liability for Plaintiff's claims to the extent the doctrine of qualified immunity, absolute sovereign immunity, legislative immunity, quasi-legislative immunity, judicial immunity or quasi-judicial immunity may apply.

19. The Defendant is entitled to a credit or set-off for all collateral source or other

payments or settlements paid to or on behalf of the Plaintiff by any third party.

20. Defendant reserves the right to amend or supplement its affirmative defenses as discovery proceeds.

21. Defendants incorporates and adopts any affirmative defenses asserted by any other defendant in this cause.

22. The Plaintiff has failed to exhaust her administrative remedies.

**WHEREFORE**, Defendant, by counsel, prays that the Plaintiff takes nothing by way of her complaint for damages, for judgment in favor of this Defendant, and for all other just and proper relief in the premises, including the costs of this action.

## **JURY DEMAND**

Defendant, by counsel, requests trial by jury on the issues herein.

Respectfully submitted,

HUNT SUEDHOFF KALAMAROS LLP

By: /s/ Lyle R. Hardman
    Lyle R. Hardman    #16056-49
    205 W. Jefferson Blvd., Suite 300
    P.O. Box 4156
    South Bend, IN 46634-4156
    Telephone: (574) 232-4801
    Fax: (574) 232-9736
    Email: lhardman@hsk-law.com
    Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing was served upon:

Samuel L. Bolinger, Esq.
803 South Calhoun Street, Suite 300
Fort Wayne, IN 46802
Email: mark@sbolinger.com

by electronic filing through the E-Filing System and/or via First Class United States Mail, postage-paid, this 11th day of January, 2019.

                                                    /s/ Lyle R. Hardman
                                                  Lyle R. Hardman (#16056-49)